IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LA VENIA BELL-BILLINGS | PLAINTIFF<br>COUNTER-DEFENDANT |
| V.   4:13CV00166 JMM | |
| NATIONWIDE LIFE INSURANCE COMPANY | DEFENDANT<br>COUNTER-CLAIMANT |
| V. | |
| LA VENIA BELL-BILLINGS, in her capacity as the<br>Co-Personal Representative of the estate of Larry<br>Wayne Billings, deceased; | COUNTER-DEFENDANT |
| MATT BILLINGS, in his capacity as the<br>Co-Personal Representative of the estate of Larry<br>Wayne Billings, deceased; | COUNTER-CLAIMANT<br>COUNTER-DEFENDANT |

## ORDER

Pending is La Venia Bell-Billings' Motion to Remand to State Court. Matt Billings opposes the motion.

This case was originally filed by La Venia Bell-Billings against Nationwide Life Insurance Company in Faulkner County Circuit Court. Bell-Billings claimed that Nationwide breached the life insurance policy issued to her husband, Larry Billings, by refusing to pay the death benefit of $250,000.00 upon his death. Nationwide removed the case to this Court based upon complete diversity. In its Answer, Nationwide stated a Counterclaim against La Venia Bell-Billings, in her individual capacity and La Venia Bell-Billings and Matt Billings, in their capacities as the co-personal representatives of the Estate of Larry Wayne Billings, deceased. Nationwide requested an order of interpleader requiring the parties to interplead their claims against each other to allow the Court to decide whether Arkansas' "slayer" rule required

payment of the life insurance benefits to be paid to the Estate of Larry Wayne Billings rather than La Venia Billings, a person of interest in the death of Larry Wayne Billings. Matt Billings also filed a Counterclaim against La Venia Bell-Billings for the wrongful death of Larry Wayne Billings and for conversion of property.

On July 16, 2013, the Court ordered Nationwide to deposit the death benefits into the registry of this Court. The parties stipulated to the dismissal with prejudice of Nationwide Life Insurance Company on June 30, 2013. La Venia Bell-Billings now moves the Court to remand the case back to the Faulkner County Circuit Court.

For purposes of removal, the jurisdiction of the court is determined at the time of removal. It is undisputed that the Court had diversity jurisdiction over the case at the time of removal. However, once Nationwide was dismissed from the case, the basis for the Court's federal jurisdiction was also dismissed. The court can exercise supplemental jurisdiction over the remaining issues in the case pursuant to 28 U.S.C. § 1367.

28 U.S.C. § 1367(c) gives a federal court discretion to decline the exercise of supplemental jurisdiction in certain situations:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367.  Supplemental jurisdiction is a doctrine of discretion, not of a party's right.  *St. John v. International Ass'n of Machinists and Aerospace Workers,* 139 F.3d 1214, 1217 (8th Cir. 1998)  (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  "Its justification lies in 'considerations of judicial economy, convenience, and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims.'"  *Id.*

In this case, judicial resources have not been expended at this point in the litigation.  Judicial economy weighs heavily in favor of having the case which is primarily a wrongful death action decided by the state court.  Therefore, the Court declines to exercise supplemental jurisdiction over the issues remaining in the case pursuant to 28 U.S.C. § 1367(c).  The case is remanded to the Faulkner County Circuit Court, First Division.

The Clerk is directed to immediately transfer this case to the Clerk of the Faulkner County Circuit Court, 724 Locust Street, Conway, Arkansas 72034.  The Clerk is further directed to disburse the funds which were deposited with this Court pursuant to the Order dated July 16, 2013 (ECF No. 17) to the Clerk of the Faulkner County Circuit Court, 724 Locust Street, Conway, Arkansas 72034.  The Clerk is then directed to close this case.

IT IS SO ORDERED this 3rd day of September, 2013.

James M. Moody
United States District Judge